UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA® AND ZOMETA® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | Judge Campbell/Brown |
| This Document Relates to: | ) | |
| | ) | |
| *Gee*, 3:06-0378 | ) | *Prose*, 3:06-0518 |
| *Frazier*, 3:06-0815 | ) | *Kuzara*, 3:06-0817 |
| *Waller*, 3:06-0960 | ) | *Wegner*, 3:06-0975 |
| *Cherry*, 3:06-0977 | ) | *Summers*, 3:06-1026 |
| *Shelly Martin*, 3:06-1031 | ) | *Anne Davis*, 3:07-0007 |
| *Grant*, 3:07-0394 | ) | *Raso*, 3:07-0567 |
| *Preston*, 3:07-0571 | ) | *Benabise*, 3:07-0572 |

## REPORT AND RECOMMENDATION

The Magistrate Judge RECOMMENDS the following in the above-styled cases for the reasons explained herein:

- AMEND the Case Management Order (CMO) to DISPENSE with further pleadings under ¶ IV.A of the CMO <u>on a one-time basis</u> in the matters presently before the court.

- DENY the motions to vacate and to dismiss filed by Novartis Pharmaceuticals Corporation (NPC) in these cases as shown below:

    - *Gee*, 3:06-0378 – (MDL Doc. 6723; Related Case 49)[1]
    - *Prose*, 3:06-0518 – (MDL Doc. 6919; Related Case 35)[1]
    - *Frazier*, 3:06-0815 – (MDL Doc. 6915; Related Case 74)[1]
    - *Kuzara*, 3:06-0817 – (MDL Doc. 6811; Related Case 53)[1]
    - *Waller*, 3:06-0960 – (MDL Doc. 6836; Related Case 53)[1]
    - *Wegner*, 3:06-0975 – (MDL Doc. 6785; Related Case 50)[1]
    - *Cherry*, 3:06-0977 – (MDL Doc. 6627; Related Case 47)

---

[1] These cases are in Group 1, and were scheduled for a suggestion of remand by March 15, 2013. The remaining cases are in Group 2, which were scheduled for a suggestion of remand by September 13, 2013. The Magistrate Judge permitted *Cherry*, 3:06-0977 to be moved from Group 1 to Group 2 due to Mr. Cherry's failing health, and before non-compliance with the Rule 25(a), Fed. R. Civ. P. and the CMO became an issue.

- *Summers*, 3:06-1026 – (MDL Doc. 6938; Related Case 57)[1]
- *Shelly Martin*, 3:06-1031 – (MDL Doc. 6838; Related Case 43)[1]
- *Anne Davis*, 3:07-0007 – (MDL Doc. 6846; Related Case 49)[1]
- *Grant*, 3:07-0394 – (MDL Doc. 6954; Related Case 38)
- *Raso*, 3:07-0567 – (MDL Doc. 6894; Related Case 28)
- *Preston*, 3:07-0571 – (MDL Doc. 6948; Related Case 33)
- *Benabise*, 3:07-0572 – (MDL Doc. 6935; Related Case 33)

- ORDER plaintiffs in the cases above to comply immediately with the substitution requirements under Rule 25(a) and ¶ V of the CMO.

- ORDER plaintiffs in the cases above to do one of the following within 30 days of entry of the order accepting and adopting this Report and Recommendation (R&R):

    1. Open probate in accordance with ¶ V of the CMO and file copies of letters of administration/letters testamentary issued by competent state authority to show that plaintiffs have the legal capacity under applicable state law to represent these cases upon remand.

    2. Provide proof that probate has been opened in those cases above in which letters of administration/letters testamentary have not yet been issued, with an estimate as to when those letters will be issued.

    3. Provide appropriate law and argument if it is contended that there is an alternative procedure under state law to appoint a personal representative of a deceased plaintiff's estate.

- FOREWARN plaintiffs in the cases above that failure to comply with the Rule 25(a), the CMO, or this order by the times specified could result in the respective cases being dismissed with prejudice and/or sanctions imposed for failure to obey the orders of the court.

- ORDER counsel in the cases above to take immediate steps to comply with Rule 25(a) and ¶ V of the CMO in all other cases in which counsel represents plaintiffs in this multi-district litigation (MDL).

- ORDER counsel in the cases above to take immediate steps to complete discovery.

# I. BACKGROUND

All of the cases that are the subject of this R&R are pending motions to vacate and dismiss filed by NPC. Although the factual background varies from case to case, each of these cases share a common procedural history, all of which transpired years ago: the original plaintiffs died; suggestions of death were filed; motions to substitute were filed; the motions to substitute were granted. NPC's arguments in support of its motions are substantially the same in each case.

NPC moves to vacate the Magistrate Judge's prior orders granting plaintiffs' motions to substitute. NPC argues that the Magistrate Judge granted the motions to substitute based on material misrepresentations made by plaintiffs' counsel. Therefore, according to NPC, the Magistrate Judge's orders should be vacated *ab initio*, the consequence of which would be that there have been no plaintiffs in these cases for years.

NPC advances two basic arguments in support of its motions to dismiss. First, NPC argues that, because the Magistrate Judge's orders should be vacated *ab initio*, there has been no valid substitution in any of these cases and, as such, counsel violated Rule 25(a) and the CMO. Second, NPC argues that counsel in these cases never initiated or caused to be initiated proceedings to open an estate and/or to obtain the appointment of a personal representative under state law as required under ¶ V.C.2 of the CMO.[2] The crux of this second argument is that counsel failed to take the steps required under state law to establish that those who had been substituted in these cases had the legal capacity to represent these lawsuits upon remand.

---

[2] NPC provides law and argument based on state law to support its position that counsel made material misrepresentations upon the court in their motions to substitute. NPC also cites to state law in support of its claim that counsel failed to comply with the CMO. NPC does not, however, raise failure to comply with applicable state law as independent grounds for dismissal.

## II. ANALYSIS

### A. Status of Responsive Pleadings With Respect to NPC's Motions

The Magistrate Judge notes as an initial matter that responsive pleadings have not concluded in all of these cases as permitted in ¶ IV.A of the CMO. Plaintiffs have filed responses and NPC has replied in the following 4 cases: *Gee*, 3:06-0378; *Kuzara*, 3:06-0817; *Wegner*, 3:06-0975; *Cherry*, 3:06-0977. Plaintiffs have filed responses, but NPC has not yet replied, in the following 2 cases: *Shelly Martin*, 3:06-1031; *Anne Davis*, 3:07-0007. Finally, plaintiffs have not yet responded in the following 8 cases, consequently NPC has not replied either: *Prose*, 3:06-0518; *Frazier*, 3:06-0815; *Waller*, 3:06-0960; *Summers*, 3:06-1026; *Grant*, 3:07-0394; *Raso*, 3:07-0567; *Preston*, 3:07-0571; *Benabise*, 3:07-0572.

Motion practice in this MDL is governed by CMO and the Local Rules of Court, including provisions for filing responses to motions and replies thereto. (DE 89, ¶ IV.A) Under the local rules of court, the case management judge may "*sua sponte* . . . modify a case management order without hearing or conference . . . ." Local Rules of Court, LR16.01(d)(c). The decision to do so is left to the sound discretion of the court. *See e.g., Andretti v. Barola Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).

As explained in ¶¶ II.B and C following, the Magistrate Judge is recommending that NPC's motions be denied. To the extent that NPC's motions are denied, plaintiffs are not prejudiced, and they lose nothing by not having the opportunity to respond to the motions. Although plaintiffs may well object to other recommendations in this R&R, they will have ample opportunity to do so in whatever challenge that they might raise to the Magistrate Judge's other recommendations.

As discussed in ¶ II.B below, NPC's motions to vacate are subject to the sound discretion of the court, not to any procedural rule or requirement imposed by case law that NPC might cite as

4

grounds for the relief sought. NPC's motions to dismiss, addressed in ¶ II.C below, also fail because the record speaks for itself – the specific plaintiffs in these specific cases have never been specifically forewarned that their cases were subject to dismissal on procedural grounds, *i.e.*, for failure to comply with Rule 25(a) and the CMO. In short, there is nothing that NPC might offer in reply to any response that plaintiffs might file that would make any difference with respect to the Magistrate Judge's recommendation that NPC's motions to dismiss be denied.

For the reasons explained above, the Magistrate Judge is of the opinion that permitting further pleadings in the matters before the court would serve no useful purpose. Permitting the parties to continue to file responses/replies not only is contrary to the interests of judicial economy in this MDL, permitting the parties to do so would unnecessarily delay remand. As previously noted, 9 of the 14 cases above already have been delayed more than 6 months beyond the date when they were supposed to be ready for a suggestion of remand. The 5 Group 2 cases now are beyond the date that a suggestion of remand was to be entered as well.

Because the undersigned is the "case management judge" in these cases, it normally would be left to his discretion to amend the motion practice provision of the CMO. However, because the need for a decision arises in the context of NPC's dispositive motions, the Magistrate Judge defers to the District Judge to decide the issue with the RECOMMENDATION that the CMO be AMENDED to dispense with further pleadings under ¶ IV.A of the CMO on a one-time-basis, and only in the matters presently before the court in the cases above.

### B. NPC's Motions to Vacate

NPC has moved to vacate the Magistrate Judge's orders that granted the motions to substitute in each of these cases. NPC alleges that the orders granting the motions to substitute were obtained through material misrepresentations upon the court and, as such, the orders are voidable.

5

The decision to grant or deny a motion to vacate an order entered by the court is within the sound discretion of the court. *See e.g., Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979 (6th Cir. 2003)(*citing First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)).

The Magistrate Judge has considered carefully NPC's motions to vacate, the specific orders that NPC seeks to vacate, the corresponding motions to substitute, and the related suggestions of death. Reviewing the foregoing in the context of Rule 25(a) and the CMO, and in light of the circumstances confronting the court in these cases today, the Magistrate Judge concludes that, in each case, counsel materially misrepresented the legal capacity of those sought to be substituted for the deceased plaintiffs. If the misrepresentations of counsel were a deliberate attempt to mislead the court, as NPC suggests, then that would be a very serious matter indeed. Notwithstanding NPC's arguments to that end, there is nothing in NPC's motions to vacate that supports such a conclusion factually, and the Magistrate Judge declines to reach such a conclusion based on speculation. The Magistrate Judge does conclude, however, without the need for proof beyond the motions to substitute themselves, and the current situation in these cases, that the motions were – at the very least – the product of sloppy lawyering. Giving counsel maximum benefit of the doubt, counsel simply played fast and loose with terms of art and the requirements set forth in the CMO.

Whether counsels' misrepresentations were intentional or the product of sloppy lawyering, vacating the orders at issue at this late date would be manifestly unfair to plaintiffs in these cases. Vacating the Magistrate Judge's orders not only would derail years of hard work with remand in these cases in sight, doing so likely would prejudice plaintiffs' future prosecution of these cases because of events beyond their control. Vacating the orders at issue also would unfairly punish plaintiffs for actions of counsel when no lawyer-client relationship existed. Although the law is well

established that clients are responsible for the acts and omissions of their attorneys, the current plaintiffs in these cases did not become clients for purposes of this MDL until the Magistrate Judge granted the motions to substitute filed by counsel. *See Atkins v. City of Chicago, et al.*, 547 F.3d 869, 872 (7th Cir. 2008). Because there was no lawyer-client relationship at the time the motions to substitute were filed, it would be exceedingly unfair to punish plaintiffs for something with respect to which they had no responsibility, and about which they likely were unaware until recently. Finally, vacating the orders at issue could contribute to a result contrary to long-standing precedent in the federal courts that cases should be decided on the merits, and disfavoring dismissal based on technicalities and/or procedural defects.

With the foregoing in mind, the Magistrate Judge now is of the view that it is preferable in these cases to give counsel a chance to fix the problems at hand than to punish plaintiffs by vacating orders that granted motions to substitute filed years ago. Because the undersigned entered the orders at issue, it normally would fall to him to grant or deny NPC's motions to vacate. However, because NPC's motions to vacate are raised hand-in-hand with its motions to dismiss, the Magistrate Judge defers to the District Judge to enter the decision with the RECOMMENDATION that the motions to vacate be DENIED.

### C. Failure to Comply with Rule 25(a) and the CMO

NPC moves to dismiss these cases for failure to comply with Rule 25(a) and the CMO. The crux of NPC's arguments in each of these cases is the same: counsel failed to comply with applicable state law, consequently plaintiffs in these cases lack the legal capacity to represent these cases now or upon remand. NPC's motions to dismiss under Rule 25(a) and the CMO are procedural in nature.

Dismissal of an action on procedural grounds is an appropriate sanction only if "no

7

alternative sanction would protect the integrity of the pretrial process." *Wu v. T. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005). The Sixth Circuit has "repeatedly 'reversed district courts for dismissing cases because litigants failed to . . . comply with pretrial orders when the district court did not put the derelict parties on notice that further noncompliance would result in dismissal.'" *Wu*, 420 F.3d at 644 (quoting *Harris v. Callwood*, 844 F.3d 1254, 1256 (6th Cir. 1988)); *see also Czernowski*, 3:06-0519 (MDL Doc. 6978).

NPC's state-law arguments are compelling.[3] However, a review of the records in these cases shows that these specific plaintiffs have not been put on notice that these specific cases might be dismissed on procedural grounds because counsel failed to comply with Rule 25(a) and/or the CMO. Therefore, the Magistrate Judge RECOMMENDS that NPC's motions to dismiss for failure to comply with Rule 25(a) and the CMO be DENIED.

### D. Recommended Way Ahead

It is clear to the undersigned that denying NPC's motions to vacate and dismiss will not get these cases back on track. Repeated efforts to get counsel to comply with the CMO have proved unavailing. The Magistrate Judge is forced to conclude that, absent very specific instructions from the District Judge, there is every likelihood that these cases will continue to languish for want of compliance with Rule 25(a) and the CMO and, as such, suggestions of remand in these cases will be delayed *ad infinitum*. Therefore, the Magistrate Judge recommends the following specific instructions be given to counsel to bring these cases into line with the orders of the court:

- Order plaintiffs in the cases above to comply immediately with the substitution requirements under Rule 25(a) and ¶ V of the CMO.

- Order plaintiffs in the cases above to do one of the following within 30 days of

---

[3] Plaintiffs' state law arguments consistently miss the point. The issue is, and has been, not who has legal standing to substitute or be substituted, but who has legal capacity under state law to represent these cases upon remand.

entry of the order accepting and adopting this Report and Recommendation (R&R):

1. Open probate in accordance with ¶ V of the CMO and file copies of letters of administration/letters testamentary issued by competent state authority to show that plaintiffs have the legal capacity under applicable state law to represent these cases upon remand.

2. Provide proof that probate has been opened in those cases above in which letters of administration/letters testamentary have not yet been issued, with an estimate as to when those letters will be issued.

3. Provide appropriate law and argument if it is contended that there is an alternative procedure under state law to appoint a personal representative of a deceased plaintiff's estate.

- Forewarn plaintiffs in the cases above that failure to comply with the Rule 25(a), the CMO, or this order by the times specified could result in the respective cases being dismissed with prejudice and/or sanctions imposed for failure to obey the orders of the court.

- Order counsel in the cases above to take immediate steps to comply with Rule 25(a) and ¶ V of the CMO in all other cases in which counsel represents plaintiffs in this MDL.

- Order counsel in the cases above to take immediate steps to complete discovery.

### III. RECOMMENDATIONS

For the reasons stated herein, the Magistrate Judge RECOMMENDS that the CMO be AMENDED to dispense with further pleadings under ¶ IV.A on a one-time basis in the matters presently pending before the court, that NPC's motions to vacate and dismiss be DENIED, and that the District Judge ADOPT AND APPROVE the Magistrate Judge's recommended way ahead in these cases.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the

proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

  **ENTERED** this the 19th day of September, 2013.


            /s/Joe B. Brown
            Joe B. Brown
            United States Magistrate Judge